UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NELLIE D. GADSON,

                Plaintiff,

            - against-

KINGS SUPREME COURT,
AMOS FINANCIAL LLC,
WARNER & SCHEUERMAN, and
TROYDEN C. SARGEANT,

                Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

19-CV-4799 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 11 2019 ★

BROOKLYN OFFICE

ANN M. DONNELLY, United States District Judge:

    The *pro se* plaintiff, Nellie D. Gadson, filed this action seeking damages related to a foreclosure proceeding in a New York State court. The Court grants the plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. Section 1915. For the reasons discussed below, the complaint is dismissed. The plaintiff is granted leave to submit an amended complaint within 30 days of the date of this order.

## BACKGROUND

    The following factual allegations are taken from the complaint (ECF No. 1), and are assumed to be true for the purpose of this order. The plaintiff resides at 28 Rochester Avenue in Brooklyn, New York, and has been paying property taxes and maintaining the property at that address. (*Id.* at 7.[1]) The plaintiff has been attempting to take the property by adverse possession from its owner, Contact Holding Corp., since 2016. (*Id.* at 38.)

    While the plaintiff was waiting for a response from Contact Holding Corp., "Mortgage Scammers" obtained a lien against the property by filing a foreclosure action against the former

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

1

owner of the property, Troyden C. Sargeant. (*Id.* at 7.) The foreclosure action was filed in the Kings County Supreme Court, and captioned *Amos Financial LLC as assignee of FDIC AS RECEIVER FOR AMTRUST BANK v. Troyden C Sargeant et al*, 519173/2016.[2]

The plaintiff has attempted to intervene several times in the foreclosure action, but has been unsuccessful. On August 8, 2019, the plaintiff appeared before "Judge I. Joseph" of the Supreme Court to request a hearing for a motion to intervene on September 25, 2019, but the judge set a hearing for August 15, 2019, which did not allow the plaintiff reasonable time to serve her papers. (*Id.*) The judge rejected her motions to intervene. (*Id.* at 29-31.) Further, a "supervisor in room 295 refused to log" the plaintiff on to a computer on three occasions. The plaintiff intended to use the computer to "show someone is making a claim of Mortgage Fraud against Index # 519173/2016." (*Id.* at 7.)

The plaintiff alleges that the judicial actions in the "Kings County Court" violated her right to due process. (*Id.* at 5.) She claims that she has had problems eating and sleeping "in fear of attack" and "ill-legal lockout," and has expended large amounts of time filing paperwork. (*Id.* at 8.) She seeks $50,000 in damages. (*Id.*)

On August 26, 2019, the plaintiff filed a letter with the Court stating: "On August 19, 2019 I was ill-legal lock out by Amos Financial and on going harassment by Trayden C. Sargeant Sean Sargeant and another relative first name 'Ed'" [*sic*]. (ECF No. 4.) On September 3, 2019, the plaintiff filed a letter providing her new phone number and the address for Amos Financial LLC. (ECF No. 5.)

---

[2] The Court takes judicial notice of the filings in the foreclosure action. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Nevertheless, a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The plaintiff's complaint alleges that the defendants violated her constitutional right to due process. (ECF No. 1 at 5.) "Section 1983 provides a federal remedy for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Golden State Transit Corp v. City of Los Angeles*, 493 U.S. 103, 105 (1989) (quoting 42 U.S.C. § 1983). In order to maintain a Section 1983 action, a plaintiff must allege two elements: first, "the conduct complained of must have been committed by a person acting under color of state law," and second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

The plaintiff names the Supreme Court of New York, Kings County, Amos Financial LLC, Warner & Scheuerman, and Troyden C. Sargeant as the defendants in this action. For the following reasons, the plaintiff cannot sustain a Section 1983 action against any of these defendants.

The Eleventh Amendment of the United States Constitution prohibits lawsuits against states, state agencies, and state officials acting in their official capacity, unless the state consents to be sued or Congress enacts a statute that waives the state's sovereign immunity. *See Pennhurst States School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). "[T]he New York State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (internal quotation marks and citation omitted). Further, the State of New York has not consented to suit in federal court, *see generally Edelman v. Jordan*, 415 U.S. 651, 673 (1974), and Section 1983 does not override state sovereignty. *Quern v. Jordan*, 440 U.S. 332 (1979). Accordingly, the Eleventh Amendment bars this action against the Supreme Court of New York, Kings County.

Even if the plaintiff named the individual judge and clerk as defendants,[3] her action would still fail because judges have absolute immunity to suits for monetary damages for their judicial acts. *Pierson v. Ray*, 386 U.S. 547 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). The plaintiff's allegations against the judge and clerk relate to the judicial acts performed within their judicial capacities, including the clerk's supervising computer use in the

---

[3] The Eleventh Amendment does not bar suits against state officers acting in an "individual capacity." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

4

clerk's office. Because these activities constitute an "integral part of the judicial process," the judge and clerk are immune from suit. *See Pikulin v. Gonzales*, No. 07-CV-0412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (because activities of filing and docketing legal documents constitute an "integral part of the judicial process," the Clerk's Office is shielded from liability by absolute judicial immunity). For these reasons, all of the plaintiff's claims against the New York Supreme Court, Kings County, are dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(iii).

Section 1983 claims against the remaining defendants also must fail because private entities do not act "under color of state law." As part of a Section 1983 claim, a plaintiff must allege that the "conduct complained of [was] committed by a person acting under color of state law[.]" *Pitchell*, 13 F.3d at 547. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). The plaintiff names a private financial services company, a private law firm, and a private individual, as entities and persons that violated her constitutional right to due process. Because these private entities and persons do not act "under color of state law," the plaintiff cannot sue them under Section 1983. Accordingly, the plaintiff's Section 1983 claims against Amos Financial LLC, Warner & Scheuerman, and Troyden C. Sargeant, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii).

The plaintiff's allegations that relate to the foreclosure action, legal rights in the property, and her fears of eviction or harassment, may constitute actionable claims under state law. The Court does not have subject matter jurisdiction to hear those state law claims because

5

federal courts hear cases in which a federal question is raised or the parties are diverse—meaning that they are citizens of different states—and the amount in controversy exceeds $75,000.

## CONCLUSION

For the reasons stated above, all of the plaintiff's Section 1983 claims are dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and (iii). Any state law claims are dismissed without prejudice to bring them in state court. The Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must consist of actionable claims against government officials and private entities. It cannot name the Supreme Court of New York as a defendant, and cannot name individual judges or clerks as defendants unless the plaintiff alleges facts demonstrating that they acted in the "clear absence of all jurisdiction." The claims against the private entities must arise under federal law, or, if under state law, the amended complaint must include allegations that the parties are citizens of different states, and that the amount in controversy exceeds $75,000. If the plaintiff fails to file an amended complaint within 30 days, the Complaint will be dismissed and judgment will enter. No summonses will issue at this time, and all further proceedings will be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
September 11, 2019